LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TELMO BARRERA and GALO MEDARDO,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

    Plaintiffs,

v.

CASTLE ROCK CONTRACTING LTD.
and JAMES GILLIGAN,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, TELMO BARRERA and GALO MEDARDO ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through the undersigned attorneys, hereby file this class and collective action Complaint against Defendants, CASTLE ROCK CONTRACTING LTD. (hereinafter "Corporate Defendant") and JAMES GILLIGAN ("Defendant") (the Corporate Defendant and Individual Defendant are each individually referred to as a "Defendant" and collectively "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime wages, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, TELMO BARRERA, is a resident of Nassau County, New York.

6. Plaintiff, GALO MEDARDO, is a resident of Queens County, New York.

7. Upon information and belief, Corporate Defendant CASTLE ROCK CONTRACTING LTD., is a domestic business corporation organized under the laws of New York, with an address for service of process located at c/o Albert Haft, CPA, 3091 Lawson Boulevard, Oceanside, New York 11572.

8. Upon information and belief, Individual Defendant, JAMES GILLIGAN, is the owner or Chief Executive Officer of Corporate Defendant, CASTLE ROCK CONTRACTING LTD. JAMES GILLIGAN exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, other FLSA

Collective Plaintiffs, and the Class, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs were hired, and their employment was terminated, directly by JAMES GILLIGAN.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all construction workers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs their proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all construction workers employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of

4

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the proper overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty per workweek, (ii) failing to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law and (iii) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)     Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Class members for their overtime compensation;

e) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

f) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

*Plaintiff Telmo Barrera:*

23. In or about June 2014, Plaintiff, TELMO BARRERA, was hired by Defendants to work as a general construction worker for Defendants' construction business. Plaintiff was hired directly by Defendant, JAMES GILLIGAN.

24. Plaintiff TELMO BARRERA worked for Defendants until on or about March 14, 2017.

25. During the employment of Plaintiff TELMO BARRERA by Defendants, he worked over forty (40) hours per week.

7

26. Specifically, Plaintiff TELMO BARRERA was scheduled to work seven (7) days a week: from 8:00 a.m. to 5:00 p.m., for nine (9) hours per day; for a total of sixty-three (63) hours per week, without a lunch break. Throughout his employment, Plaintiff TELMO BARRERA was never required to clock in or out. FLSA Collective Plaintiffs and Class members were required to work similar hours. Although his actual working hours varied, he was paid the same weekly fixed salary described below.

27. Throughout his entire employment, Plaintiff TELMO BARRERA was paid on a fixed salary basis as follows:

(a) From the beginning of his employment until in or about June 2015, Plaintiff received $100 per day in cash.

(b) From in or about June 2015 until in or about September 2016, Plaintiff received $120 per day in cash.

(c) From in or about September 2016 until the end of his employment, Plaintiff received $100 per day in cash.

There was never any agreement that the fixed salary that Plaintiff received covered those overtime hours that he worked in excess of 40 each workweek. Throughout Plaintiff's employment by Defendants, Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty.

*Plaintiff Galo Medardo:*

28. In or about June 2012, Plaintiff, GALO MEDARDO, was hired by Defendants to work as a general construction worker for Defendants' construction business. Plaintiff was hired directly by Defendant, JAMES GILLIGAN.

29. Plaintiff GALO MEDARDO worked for Defendants until in or about January 2017.

30. During the employment of Plaintiff GALO MEDARDO by Defendants, he worked over forty (40) hours per week.

31. Specifically, Plaintiff GALO MEDARDO was scheduled to work seven (7) days a week: from 8:00 a.m. to 5:00 p.m., for nine (9) hours per day; for a total of sixty-three (63) hours per week, without a lunch break. Throughout his employment, Plaintiff GALO MEDARDO was never required to clock in or out. FLSA Collective Plaintiffs and Class members were required to work similar hours. Although his actual working hours varied, he was paid the same weekly fixed salary described below.

32. Throughout his entire employment, Plaintiff GALO MEDARDO was paid on a fixed salary basis as follows:

(a) From the beginning of his employment until in or about December 2016, Plaintiff received $150 per day in cash.

(b) From in or about December 2016 until the end of his employment, Plaintiff received $130 per day in cash.

There was never any agreement that the fixed salary that Plaintiff received covered those overtime hours that he worked in excess of 40 each workweek. Throughout Plaintiff's employment by Defendants, Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis. Other non-exempt employees were similarly

paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty.

33. Defendants knowingly and willfully operated their business with a policy of not paying the federal and New York State overtime rate (of time and one-half) for all hours worked in excess of forty per workweek to Plaintiffs, FLSA Collective Plaintiffs and Class members.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of the New York Labor Law.

35. Defendants failed to provide proper wage notices to Plaintiffs, FLSA Collective Plaintiffs and Class members, including rate of compensation, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

36. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiffs reallege and reaver Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendant, CASTLE ROCK CONTRACTING LTD., had gross annual revenues in excess of $500,000.

41. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

42. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

44. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiffs reallege and reaver Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

50. At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiffs and Class members overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

52. Defendants knowingly and willfully operated their business with a policy of not providing wage notices as required under the New York Labor Law at the time of hiring or annually thereafter.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

g) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h) Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

i) Designation of this action as a class action pursuant to F.R.C.P. 23;

j) Designation of Plaintiffs as Representatives of the Class; and

k) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 5, 2017

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*


                              By:   */s/C.K. Lee*
                                       C.K. Lee, Esq.